# Exhibit A

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF QUEENS

FARJANA SARKER,

Plaintiff,

v.

WINDHAM PROFESSIONALS, INC. and CROWN ASSET
MANAGEMENT, LLC,

Defendants.

Index No: **022631**

**SUMMONS**

Plaintiff's Residence Address:
217-02 91st Avenue
Queens Village, New York 11428

The basis of venue designated is:
CCA § 301(a)

To the Person(s) Named as Defendant(s) Above:

YOU ARE HEREBY SUMMONED and required to appear in the Civil Court of the City of New York,
County of Queens at the office of the Clerk of the said Court at 89-17 Sutphin Boulevard, Jamaica, in the
County of Queens, City and State of New York, within the time provided by law as noted below and to file
your answer to the annexed complaint with the Clerk; upon your failure to answer, judgment will be taken
against you for the relief demanded in the complaint with interest thereon from August 16, 2021, together
with the costs of this action.

Dated: August 18, 2021

Defendants' Address:
Windham Professionals, Inc.
C/O CORPORATION SERVICE COMPANY
80 State Street
Albany, New York 12207

Crown Asset Management, LLC
363 W Saugerties Rd.
Saugerties, New York 12477

David M. Barshay, Esquire
BARSHAY, RIZZO & LOPEZ, PLLC
445 Broadhollow Road | Suite CL18
Melville, New York 11747
Tel (631) 210-7272
Our File No.: BRL21293
*Attorneys for Plaintiff*

COPY
ORIGINAL PAPERS
RECEIVED AND FILED
ON AUG 2 5 2021
CIVIL COURT
QUEENS COUNTY

NOTE: The law or rules of court provide that:

(a) if this summons is served by its delivery to you personally within the City of New York, you must appear
and answer within TWENTY days after such service; or (b) if this summons is served by delivery to any
person other than you personally, or is served outside the City of New York, or by publication, or by any
means other than personal delivery to you within the City of New York, you are allowed THIRTY days after
the proof of service thereof is filed with the Clerk of this Court within which to appear and answer. (c)
Where a defendant appears by an attorney, a copy of his answer shall be served upon the plaintiff's attorney,
or upon the plaintiff if the plaintiff appears in person, at or before the time of filing the original answer with
proof of service thereof.

 COPY

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF QUEENS

FARJANA SARKER,

                               Plaintiff,

                    v.

WINDHAM PROFESSIONALS, INC. and CROWN
ASSET MANAGEMENT, LLC,

                           Defendants.

Index No:

**COMPLAINT**

Plaintiff Farjana Sarker, individually and on behalf of all others similarly situated, by and through the undersigned counsel, complains, states, and alleges against defendants Windham Professionals, Inc. and Crown Asset Management, LLC as follows:

### INTRODUCTION

1.     This is an action to recover damages for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA") and New York General Business Law § 349 ("GBL 349").

### THE FDCPA

2.     Congress enacted the FDCPA upon finding that debt collection abuse by debt collectors was a widespread and serious national problem. *See* S. Rep. No. 95-382, at 2 (1977) *reprinted in* U.S.C.C.A.N. 1695, 1696; 15 U.S.C § 1692(a).

3.     The purpose of the FDCPA is to protect consumers from deceptive or harassing actions taken by debt collectors, with the aim of limiting the suffering and anguish often inflicted by debt collectors. *Kropelnicki v. Siegel*, 290 F.3d 118, 127 (2d Cir. 2002).

4.     To further these ends, "the FDCPA enlists the efforts of sophisticated consumers ... as 'private attorneys general' to aid their less sophisticated counterparts, who are unlikely

1

themselves to bring suit under the Act, but who are assumed by the Act to benefit from the deterrent effect of civil actions brought by others." *Jacobson v. Healthcare Fin. Servs., Inc.*, 516 F.3d 85, 91 (2d Cir. 2008).

5.  As such, the circumstances of the particular debtor in question have no bearing as to the question of whether there has been a violation of the FDCPA. *Easterling v. Collecto, Inc.*, 692 F.3d 229, 234 (2d Cir. 2012). Indeed, it is not necessary for a plaintiff consumer to show that he or she was confused by the communication received. *Jacobson*, 516 F.3d at 91. Likewise, the plaintiff consumer's actions or inaction in response to a communication from a debt collector are irrelevant. *Thomas v. Am. Serv. Fin. Corp.*, 966 F. Supp. 2d 82, 90 (E.D.N.Y. 2013).

6.  Instead, "the test is how the least sophisticated consumer—one not having the astuteness of a 'Philadelphia lawyer' or even the sophistication of the average, every day, common consumer—understands the notice he or she receives." *Russell v. Equifax A.R.S.*, 74 F.3d 30, 34 (2d Cir. 1996).

7.  If a debt collector's communication is "reasonably susceptible to an inaccurate reading" by the least sophisticated consumer, it violates the FDCPA. *DeSantis v. Computer Credit, Inc.*, 269 F.3d 159, 161 (2d Cir. 2001). Similarly, a communication violates the FDCPA if it is "open to more than one reasonable interpretation, at least one of which is inaccurate," or if the communication "would make the least sophisticated consumer uncertain as to her rights." *Clomon v. Jackson*, 988 F.2d 1314, 1319 (2d Cir. 1993); *Jacobson*, 516 F.3d at 90. "The juxtaposition of two inconsistent statements" in a communication violates the FDCPA. *Russell*, 74 F.3d at 34.

8.  The FDCPA is a strict liability statute, and a debt collector's intent may only be considered as an affirmative defense. 15 U.S.C. § 1692k(c); *Ellis v. Solomon & Solomon, P.C.*, 591 F.3d 130, 135 (2d Cir. 2010). Likewise, "the degree of a defendant's culpability may only be

2

considered in computing damages." *Bentley v. Great Lakes Collection Bureau*, 6 F.3d 60, 63 (2d Cir. 1993). A single violation of the FDCPA is sufficient to establish civil liability against a debt collector. *Id.* at 62.

## JURISDICTION AND VENUE

9. This Court has jurisdiction over defendants Windham Professionals, Inc. and Crown Asset Management, LLC because they regularly transact business within this County, derive substantial revenue from services rendered in this County, have committed tortious acts within this County and have caused injury to persons within this County as described herein.

10. Venue is proper pursuant to CCA § 301(a) because Plaintiff resides in this County.

## PARTIES

11. Plaintiff Farjana Sarker ("Plaintiff") is a natural person who is a citizen of the State of New York residing in Queens County, New York.

12. Plaintiff is a "consumer" as that term defined by 15 U.S.C. § 1692a(3).

13. Defendant Windham Professionals, Inc. ("Windham") is a company existing under the laws of the State of New Hampshire, with its principal place of business in Salem, New Hampshire.

14. Windham regularly collects or attempts to collect debts asserted to be owed to others.

15. Windham regularly collects or attempts to collect debts asserted to be owed to others by residents in this County.

16. Windham regularly collects or attempts to collect debts asserted to be owed to others by New Yorkers.

17. Windham is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

3

18.     Windham is regularly engaged, for profit, in the collection of debts allegedly owed by consumers in this County.

19.     Windham is regularly engaged, for profit, in the collection of debts allegedly owed by New York consumers.

20.     The principal purpose of Windham's business is the collection of such debts.

21.     The principal purpose of Windham's business in this County is the collection of such debts.

22.     The principal purpose of Windham's business in New York is the collection of such debts.

23.     Windham uses instrumentalities of interstate commerce, including telephones and the mails, in furtherance of its debt collection business.

24.     Windham uses instrumentalities of interstate commerce, including telephones and the mails, in furtherance of its debt collection business in this County.

25.     Windham uses instrumentalities of interstate commerce, including telephones and the mails, in furtherance of its debt collection business in New York.

26.     Windham derives substantial revenue from its debt collection services rendered in New York.

27.     Windham has committed tortious acts within New York that have caused injury to consumers in this County.

28.     Windham has committed tortious acts within New York that have caused injury to New Yorkers.

29.     Windham is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

30.     Defendant Crown Asset Management, LLC ("Crown") is a company existing under

the laws of the State of New York, with its principal place of business in Saugerties, New York.

31. Crown regularly collects or attempts to collect debts asserted to be owed to others.

32. Crown regularly collects or attempts to collect debts asserted to be owed to others by residents in this County.

33. Crown regularly collects or attempts to collect debts asserted to be owed to others by New Yorkers.

34. Crown is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

35. Crown is regularly engaged, for profit, in the collection of debts allegedly owed by consumers in this County.

36. Crown is regularly engaged, for profit, in the collection of debts allegedly owed by New York consumers.

37. The principal purpose of Crown's business is the collection of such debts.

38. The principal purpose of Crown's business in this County is the collection of such debts.

39. The principal purpose of Crown's business in New York is the collection of such debts.

40. Crown uses instrumentalities of interstate commerce, including telephones and the mails, in furtherance of its debt collection business.

41. Crown uses instrumentalities of interstate commerce, including telephones and the mails, in furtherance of its debt collection business in this County.

42. Crown uses instrumentalities of interstate commerce, including telephones and the mails, in furtherance of its debt collection business in New York.

43.     Crown derives substantial revenue from its debt collection services rendered in New York.

44.     Crown has committed tortious acts within New York that have caused injury to consumers in this County.

45.     Crown has committed tortious acts within New York that have caused injury to New Yorkers.

46.     Crown is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

47.     The acts of Defendants as described in this Complaint were performed by Defendants or on Defendants' behalf by their owners, officers, agents, and/or employees acting within the scope of their actual or apparent authority. As such, all references to Defendants in this Complaint shall mean Defendants or their owners, officers, agents, and/or employees.

## FACTUAL ALLEGATIONS

48.     Defendants allege Plaintiff owes $1,154.29 to Crown ("the alleged Debt").

49.     Plaintiff did not owe $1,154.29 ("the Claimed Amount") to Crown.

50.     Plaintiff did not owe money to Crown.

51.     Plaintiff was never indebted to Crown.

52.     Plaintiff did not owe the alleged Debt to Crown.

53.     Crown never offered to extend credit to Plaintiff.

54.     Crown never extended credit to Plaintiff.

55.     Plaintiff was never involved in any transaction with Crown.

56.     Plaintiff never entered into any contract with Crown.

57.     Plaintiff never did any business with Crown.

58.     Plaintiff was never advised by anyone that the alleged Debt was sold to Crown.

59.     Plaintiff was never advised by anyone that the alleged Debt was assigned to Crown.

6

60. Plaintiff was never advised by anyone that the alleged Debt was transferred Crown.

61. Plaintiff was never advised by anyone that the alleged Debt was acquired by Crown.

62. Plaintiff was never advised by Crown that the alleged Debt was sold to it.

63. Plaintiff was never advised by Crown that the alleged Debt was assigned to it.

64. Plaintiff was never advised by Crown that the alleged Debt was transferred to it.

65. Plaintiff was never advised by Crown that the alleged Debt was acquired by it.

66. Crown is a stranger to Plaintiff.

67. Upon information and belief, Crown does not possess competent proof that any entity assigned to it all of that entity's interest in the alleged Debt.

68. Upon information and belief, Crown does not possess competent proof that any entity assigned to it the right to any proceeds from the alleged Debt.

69. Upon information and belief, Crown does not possess competent business records concerning the alleged Debt from any entity that owned the alleged Debt.

70. Upon information and belief, Crown does not possess personal knowledge of the facts set forth in any business records concerning the alleged Debt received from any entity that owned the alleged Debt.

71. Upon information and belief, Crown does not possess any credit agreement between Plaintiff and any entity that owned the alleged Debt.

72. Upon information and belief, Crown does not possess any competent proof that Plaintiff agreed to pay the alleged Debt.

73. Upon information and belief, Crown does not possess any competent proof that Plaintiff is obligated to pay the alleged Debt.

74. Upon information and belief, Crown does not possess any competent proof that

7

Plaintiff owed the Claimed Amount at the time Crown Asset Management, LLC ostensibly acquired the alleged Debt.

75. Upon information and belief, Crown does not possess any competent proof that the Claimed Amount was accurate at the time Crown ostensibly acquired the alleged Debt.

76. Upon information and belief, Crown holds no legal right, title or interest in any debt Plaintiff allegedly owed.

77. The alleged Debt does not arise from any business enterprise of Plaintiff.

78. The alleged Debt is a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

79. At an exact time known only to Defendants, Crown decided to hire Windham to attempt to collect the alleged Debt on Crown's behalf.

80. As part of its utilization of Windham, Crown conveyed information regarding the alleged Debt to Windham.

81. The information conveyed by Crown included Plaintiff's status as a debtor, the precise amount of the alleged Debt, the entity to which Plaintiff allegedly owed the debt, among other things.

82. Crown's conveyance of the information regarding the alleged Debt to Windham is a "communication" as that term is defined by 15 U.S.C. § 1692a(2).

83. At the time the alleged Debt was assigned or otherwise transferred to Windham for collection, the alleged Debt was in default.

84. In its efforts to collect the alleged Debt, Windham decided to contact Plaintiff by written correspondence.

85. Rather than preparing and mailing such written correspondence to Plaintiff on its own, Windham decided to utilize a third-party vendor to perform such activities on its behalf.

86. As part of its utilization of the third-party vendor, Windham conveyed information regarding the alleged Debt to the third-party vendor.

87. The information conveyed by Windham to the third-party vendor included Plaintiff's status as a debtor, the precise amount of the alleged Debt, the entity to which Plaintiff allegedly owed the debt, among other things.

88. Windham's conveyance of the information regarding the alleged Debt to the third-party vendor is a "communication" as that term is defined by 15 U.S.C. § 1692a(2).

89. The third-party vendor then populated some or all this information into a prewritten template, printed, and mailed the letter to Plaintiff at Windham's direction.

90. That correspondence, dated February 8, 2021, was received, and read by Plaintiff. (A true and accurate copy of that correspondence (the "Letter") is annexed hereto as "**Exhibit 1.**")

91. The Letter, which conveyed information about the alleged Debt, is a "communication" as that term is defined by 15 U.S.C. § 1692a(2).

92. The Letter was the initial written communication Plaintiff received from Defendants concerning the alleged Debt.

93. 15 U.S.C. §§ 1692g and 1692e protects Plaintiff's concrete interests and rights.

94. Plaintiff has the interest and right to be free from collection efforts on debts Plaintiff does not owe.

95. Plaintiff has the interest and right to be free from unwarranted threats to Plaintiff's credit rating.

96. Plaintiff has the interest and right to be free from the fear of being sued on debts Plaintiff does not owe.

97. Plaintiff has the interest and right to be free from deceptive and/or misleading communications from debt collectors, including Defendants.

98. As set forth herein, Defendants deprived Plaintiff of these rights.

99. Plaintiff's injury is "particularized" and "actual" in that the conduct that deprived Plaintiff of his rights was directed by Defendants to Plaintiff specifically.

100. Plaintiff's injury is directly traceable to Defendants' conduct because Defendants initiated the communications, and but for Defendants' conduct, Plaintiff would not have been deprived of his rights.

101. Plaintiff has been misled by Defendants' conduct.

102. Defendants' conduct as described in this Complaint was willful, with the purpose to either harm Plaintiff or with reckless disregard for the harm to Plaintiff that could result from Defendants' conduct.

103. Plaintiff justifiably fears that, absent this Court's intervention, Defendants will continue to use abusive, deceptive, unfair and unlawful means in its attempts to collect the alleged Debt and other alleged debts.

104. Plaintiff justifiably fears that, absent this Court's intervention, Defendants will ultimately cause Plaintiff unwarranted economic harm.

105. Plaintiff justifiably fears that, absent this Court's intervention, Defendants will ultimately cause Plaintiff unwarranted harm to his credit rating.

106. Plaintiff justifiably fears that, absent this Court's intervention, Defendants will ultimately cause Plaintiff to be sued for a debt Plaintiff does not owe.

107. As a result of Defendants' conduct, Plaintiff wasted time, was caused to be confused and unsure as to Plaintiff's rights, and ultimately sought counsel and advice causing Plaintiff the risk of incurring damages including reasonable attorneys' fees in reviewing Plaintiff's rights under the law and prosecuting this claim.

108. As a result of Defendants' conduct, Plaintiff's counsel was caused to expend time, energy, and money to investigate Plaintiff's rights under the law and the legitimacy of the alleged Debt.

109. The deprivation of Plaintiff's rights will be redressed by a favorable decision herein.

110. A favorable decision herein would redress Plaintiff's injury with money damages.

111. A favorable decision herein would serve to deter Defendants from further similar conduct.

### FIRST COUNT
#### As to Crown
#### Violation of 15 U.S.C. § 1692c(b) and § 1692f

112. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

113. 15 U.S.C. § 1692c(b) provides that, subject to several exceptions not applicable here, "a debt collector may not communicate, in connection with the collection of any debt," with anyone other than the consumer "without the prior consent of the consumer given directly to the debt collector."

114. Windham does not fall within any of the exceptions provided for in 15 U.S.C. § 1692c(b).

115. Plaintiff never consented to Crown's communication with Windham concerning the alleged Debt.

11

116.     Plaintiff never consented to Crown's communication with Windham concerning Plaintiff's personal and/or confidential information.

117.     Plaintiff never consented to Crown's communication with anyone concerning the alleged Debt or concerning Plaintiff's personal and/or confidential information.

118.     Upon information and belief, Crown has utilized Windham for these purposes thousands of times.

119.     Crown utilizes Windham in this regard for the sole purpose of maximizing its profits.

120.     Crown utilizes Windham without regard to the propriety and privacy of the information which it discloses to Windham.

121.     Crown utilizes Windham with reckless disregard for the harm to Plaintiff and other consumers that could result from Crown's unauthorized disclosure of such private and sensitive information.

122.     Crown violated 15 U.S.C. § 1692c(b) when it disclosed information about Plaintiff's alleged Debt to Windham.

123.     15 U.S.C. § 1692f provides that a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

124.     The unauthorized disclosure of a consumer's private and sensitive information is both unfair and unconscionable.

125.     Crown disclosed Plaintiff's private and sensitive information to Windham.

126.     Crown violated 15 U.S.C. § 1692c(b) when it disclosed information about Plaintiff's alleged Debt to Windham.

127.     As relevant here, Congress enacted the FDCPA upon finding that existing laws and

procedures for redressing invasions of individual privacy during the debt collection process were inadequate to protect consumers. 15 U.S.C. § 1692(a)-(b).

128.    Specifically, Congress sought to protect consumers from communications by debt collectors to third parties. *See* S. Rep. No. 95-382, at 4 (1977) *reprinted in* U.S.C.C.A.N. 1695, 1698.

129.    As such, a violation of Section 1692c(b) has a close relationship to an invasion of privacy.

130.    A violation of Section 1692c(b) is an invasion of privacy.

131.    As described herein, Crown violated Section 1692c(b).

132.    As described herein, Crown invaded Plaintiff's privacy.

133.    As such, Plaintiff has standing to seek redress in this Court.

134.    A violation of Section 1692c(b) also has a close relationship to a public disclosure of private facts.

135.    A violation of Section 1692c(b) is a public disclosure of private facts.

136.    As described herein, Crown violated Section 1692c(b).

137.    As described herein, Crown publicly disclosed Plaintiff's private facts.

138.    As such, Plaintiff has standing to seek redress in this Court.

139.    For the foregoing reasons, Crown violated 15 U.S.C. §§ 1692c(b) and 1692f and is liable to Plaintiff therefor.

<div align="center">

**SECOND COUNT**
**As to Windham**
**Violation of 15 U.S.C. § 1692c(b) and § 1692f**

</div>

140.    Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

141.    15 U.S.C. § 1692c(b) provides that, subject to several exceptions not applicable here, "a debt collector may not communicate, in connection with the collection of any debt," with anyone other than the consumer "without the prior consent of the consumer given directly to the debt collector."

142.    The third-party vendor does not fall within any of the exceptions provided for in 15 U.S.C. § 1692c(b).

143.    Plaintiff never consented to Windham's communication with the third-party vendor concerning the alleged Debt.

144.    Plaintiff never consented to Windham's communication with the third-party vendor concerning Plaintiff's personal and/or confidential information.

145.    Plaintiff never consented to Windham's communication with anyone concerning the alleged Debt or concerning Plaintiff's personal and/or confidential information.

146.    Upon information and belief, Windham has utilized a third-party vendor for these purposes thousands of times.

147.    Windham utilizes a third-party vendor in this regard for the sole purpose of maximizing its profits.

148.    Windham utilizes a third-party vendor without regard to the propriety and privacy of the information which it discloses to such third-party.

149.    Windham utilizes a third-party vendor with reckless disregard for the harm to Plaintiff that results from Windham's unauthorized disclosure of such private and sensitive information.

150.    Windham utilizes a third-party vendor with reckless disregard for Plaintiff's right to privacy.

14

151. Windham utilizes a third-party vendor with reckless disregard for Plaintiff's right against public disclosure of Plaintiff's private facts.

152. Windham violated 15 U.S.C. § 1692c(b) when it disclosed information about Plaintiff's alleged Debt to the third-party vendor.

153. 15 U.S.C. § 1692f provides that a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

154. The unauthorized disclosure of a consumer's private and sensitive information is both unfair and unconscionable.

155. Windham disclosed Plaintiff's private and sensitive information to the third-party vendor.

156. Windham violated 15 U.S.C. § 1692f when it disclosed Plaintiff's private and sensitive information to the third-party vendor.

157. As relevant here, Congress enacted the FDCPA upon finding that existing laws and procedures for redressing invasions of individual privacy during the debt collection process were inadequate to protect consumers. 15 U.S.C. § 1692(a)-(b).

158. Specifically, Congress sought to protect consumers from communications by debt collectors to third parties. *See* S. Rep. No. 95-382, at 4 (1977) *reprinted in* U.S.C.C.A.N. 1695, 1698.

159. As such, a violation of Section 1692c(b) has a close relationship to an invasion of privacy.

160. A violation of Section 1692c(b) is an invasion of privacy.

161. As described herein, Windham violated Section 1692c(b).

162. As described herein, Windham invaded Plaintiff's privacy.

163. As such, Plaintiff has standing to seek redress in this Court.

164. A violation of Section 1692c(b) also has a close relationship to a public disclosure of private facts.

165. A violation of Section 1692c(b) is a public disclosure of private facts.

166. As described herein, Windham violated Section 1692c(b).

167. As described herein, Windham publicly disclosed Plaintiff's private facts.

168. As such, Plaintiff has standing to seek redress in this Court.

169. For the foregoing reasons, Windham violated 15 U.S.C. §§ 1692c(b) and 1692f and is liable to Plaintiff therefor.

## THIRD COUNT
### Violation of 15 U.S.C. §§ 1692g, 1692g(a)(1), 1692g(a)(2)

170. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

171. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

172. As relevant here, 15 U.S.C. § 1692g(a)(1) requires the written notice provide a statement of the amount of the debt.

173. To comply with 15 U.S.C. § 1692g(a)(1), the statement of the amount of the debt must accurately set forth the actual amount of the debt.

174. A statement of the amount of the debt, when the debt is not owed at all by the consumer, violates 15 U.S.C. § 1692g(a)(1).

175. As set forth in paragraphs 48 through 76 of this Complaint, Plaintiff did not owe the Claimed Amount.

16

176. As such, Defendants did not accurately set forth the actual amount of the alleged debt as required by 15 U.S.C. § 1692g(a)(1).

177. In sum, Defendants' statement of the amount of the alleged Debt, when Plaintiff did not owe that amount, violates 15 U.S.C. § 1692g(a)(1).

178. As also relevant here, 15 U.S.C. § 1692g(a)(2) requires the written notice provide a statement of the name of the creditor to whom the debt is owed.

179. To comply with 15 U.S.C. § 1692g(a)(2), the statement of the name of the creditor to whom the debt is owed must accurately set forth the name of the entity that actually owns the debt.

180. A statement of the name of the creditor to whom the debt is owed, when the consumer does not owe money to the stated entity, violates 15 U.S.C. § 1692g(a)(2).

181. As set forth in paragraphs 48 through 76 of this Complaint, Plaintiff did not owe money to Crown Asset Management, LLC.

182. As such, Defendants did not accurately set forth the name of the entity that actually owns the debt as required by 15 U.S.C. § 1692g(a)(2).

183. In sum, Defendants' statement that Crown Asset Management, LLC was the name of the creditor to whom the alleged debt was owed, when Plaintiff did not owe any money to Crown Asset Management, LLC, violates 15 U.S.C. § 1692g(a)(2).

184. For the foregoing reasons, Defendants violated 15 U.S.C. §§ 1692g, 1692g(a)(1) and 1692g(a)(2) and are liable to Plaintiff therefor.

### FOURTH COUNT
### Violation of 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10)

185. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

17

186.     15 U.S.C. § 1692e provides, generally, that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

187.     15 U.S.C. § 1692e(2)(A) prohibits the false representation of the character, amount, or legal status of any debt.

188.     15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

189.     An allegation by a debt collector that a consumer owes a debt to a certain entity when the consumer does not owe a debt to that entity is a violation of 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10).

190.     An allegation by a debt collector that a consumer owes a certain amount of money when the consumer does not that amount is a violation of 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10).

191.     As set forth in paragraphs 48 through 76 of this Complaint, Plaintiff did not owe the Claimed Amount.

192.     As set forth in paragraphs 48 through 76 of this Complaint, Plaintiff did not owe money to Crown Asset Management, LLC.

193.     As such, Defendants' allegation that Plaintiff owed the Claimed Amount is a false, deceptive, and/or misleading representation made in connection with the collection of the alleged Debt in violation of 15 U.S.C. § 1692e.

194.     Defendants' allegation that Plaintiff owed money to Crown Asset Management, LLC is a false, deceptive, and/or misleading representation made in connection with the collection of the alleged Debt in violation of 15 U.S.C. § 1692e.

195. Defendants' allegation that Plaintiff owed the Claimed Amount is a false representation of the character, amount, and/or legal status of the alleged Debt in violation of 15 U.S.C. § 1692e(2)(A).

196. Defendants' allegation that Plaintiff owed money to Crown Asset Management, LLC is a false representation of the character, amount, and/or legal status of the alleged Debt in violation of 15 U.S.C. § 1692e(2)(A).

197. Defendants' allegation that Plaintiff owed the Claimed Amount is a false representation made in an attempt to collect the alleged Debt in violation of 15 U.S.C. § 1692e(10).

198. Defendants' allegation that Plaintiff owed money to Crown Asset Management, LLC is a false representation made in an attempt to collect the alleged Debt in violation of 15 U.S.C. § 1692e(10).

199. For the foregoing reasons, Defendants violated 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10) and are liable to Plaintiff therefor.

## FIFTH COUNT
### Violation of New York General Business Law § 349

200. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

201. Defendants owed a duty to Plaintiff to perform their attempted collection of Plaintiff's alleged Debt with reasonable care.

202. Defendants' deception as described herein shows a lack of exercise of reasonable care in Defendants' collection of the alleged Debt.

203. Defendants breached their duty to collect Plaintiff's alleged Debt with reasonable care.

204.   Defendants' conduct was committed by Defendants in the conduct of a business, trade or commerce or the furnishing of a service in New York State and constitutes a violation of GBL 349.

205.   Defendants' conduct was consumer-orientated in that their actions were made to collect an alleged consumer Debt.

206.   Defendants' conduct has a broader impact on consumers at large as, upon information and belief, Defendants have acted similarly to other consumers.

207.   Plaintiff is a reasonable consumer.

208.   Defendants' conduct would mislead a reasonable consumer.

209.   Defendants engaged in material deceptive acts and practices as described herein.

210.   Defendants' conduct caused Plaintiff to suffer injury.

211.   For the foregoing reasons, Defendants violated GBL 349 and are liable to Plaintiff therefor.

### JURY DEMAND

212.   Plaintiff hereby demands a trial of this action by jury.

### PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment be entered as follows:

    a.   Awarding damages to Plaintiff pursuant to the FDCPA and GBL 349 in an amount to be determined at trial but not less than $6,500.00; and

    b.   Awarding Plaintiff's attorneys' fees pursuant to those statutes, calculated on a "lodestar" basis; and

    c.   Awarding the costs of this action to Plaintiff; and

    d.   Awarding pre-judgment interest and post-judgment interest to Plaintiff; all together with

    e.   Such other and further relief that the Court determines is just and

proper up to the jurisdictional limits of the Court.

DATED: August 17, 2021

<div style="margin-left:45%">

**BARSHAY, RIZZO & LOPEZ, PLLC**

By: 

David M. Barshay, Esquire
445 Broadhollow Road, Suite CL18
Melville, New York 11747
Tel: (631) 210-7272
Fax: (516) 706-5055
Our File No.: BRL21293
*Attorneys for Plaintiff*

</div>

21



**P R O F E S S I O N A L S**

Toll Free: 1-866-645-8813

**Office Hours:**
8:00 AM to 9:00 PM ET Monday – Thursday
8:00 AM to 7:00 PM ET Friday
10:00 AM to 2:00 PM ET Saturday

**Mailing Address:**
380 Main Street
Salem, NH 03079-2412

Date: February 8, 2021

| Account Information | |
|---|---|
| Current Creditor to Whom the Debt is Owed | Crown Asset Management, LLC |
| Original Creditor | Comenity Capital Bank |
| Original Creditor Account Number | 294 |
| Name | Farjana Sarker |
| Our Reference Number | 2 |
| Charge Off Date | 08/31/2020 |
| Amount Due as of charge off date | $1,154.29 |
| Sums accrued, paid or credited since charge off date: | |
| Interest | N/A |
| Other fees/Charges | N/A |
| Payments/Credits | N/A |
| Last Payment Date | N/A |
| Total Amount Due | $1,154.29 |

We have been engaged by Crown Asset Management, LLC to collect the account listed above.

Total Amount Due is the total amount required to pay your obligation in full. Interest is not accruing on this debt.

**Unless you notify this office within thirty (30) days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within thirty (30) days from receiving this notice, that you dispute the validity of this debt or any portion thereof, this office will: obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within thirty (30) days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.**

You may be able to resolve your account for an amount that is less than the Total Amount Due. This opportunity will remain available until at least thirty (30) days after the expiration of the 30 day period described above; after that, this opportunity can be ended at any time, without notice to you. To take advantage of this opportunity, you may contact Andrew Bowman TOLL FREE at 1-866-645-8813. Payments received before you have confirmed your resolution will be applied against the full amount of your obligation.

You may pay by Check or Credit/Debit Card via our online portal at HTTP://WWW.WINDHAMPROS.COM/MAKEAPAYMENT.

Payments also may be sent to us at 380 Main St., Salem, NH 03079. Please do not send cash.

Please send all correspondence to 380 Main St., Salem, NH 03079.

**THIS COMMUNICATION IS FROM A DEBT COLLECTOR. THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

**THIS FACILITY MAY RECORD AND/OR MONITOR TELEPHONE CALLS.**

03FS_A

**\* \* NOTICE: SEE REVERSE SIDE FOR IMPORTANT INFORMATION \* \***
*Detach and Return with Your Payment*

LTTWIND01 L-03FS_A

TTWIND01
PO Box 1280
Oaks PA 19456-1280
ADDRESS SERVICE REQUESTED

| Our Toll Free Number | 1-866-645-8813 |
|---|---|
| Current Creditor | Crown Asset Management, LLC |
| Our Reference Number | Total Amount due |
| 2 | $1,154.29 |

February 8, 2021

**\*\*PERSONAL & CONFIDENTIAL\*\***
Farjana Sarker
21702 91St Ave
Queens Village NY 11428-1210

Windham Professionals, Inc.
PO Box 1048
Salem NH 03079-1048



Pay Your Bills Online

HTTP://WWW.WINDHAMPROS.COM/MAKEAPAYMENT

Index No:
CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF QUEENS

FARJANA SARKER,

                                    Plaintiff,

        -against-

WINDHAM PROFESSIONALS, INC. and
CROWN ASSET MANAGEMENT, LLC,

                                    Defendants.

## SUMMONS AND COMPLAINT

BARSHAY, RIZZO & LOPEZ, PLLC
*Attorneys for Plaintiff*
*445 Broadhollow Road | Suite CL18*
*Melville, New York 11747*
*Tel: (631) 210-7272*

*I hereby certify pursuant to 22 NYCRR § 130-1.1-a that, to the best of my knowledge, information and belief, formed after an inquiry reasonable under the circumstances, the presentation of the papers listed below or the contentions therein are not frivolous as defined in 22 NYCRR § 130-1.1(c):*

David M. Barshay, Esquire

Dated: August 18, 2021

Service of the within _____ is hereby admitted.

_____          Dated: _____, 20__

Attorneys for _____